UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY, | No.  1:25-cv-01322 JLT SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 17) |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING |
| WARDEN OF PELICAN BAY STATE PRISON, | CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Colin Raker Dickey is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 15, 2026, the assigned Magistrate Judge issued Findings and Recommendations to deny the motion for summary judgment and the petition on its merits. (Docs. 1, 14, 17.)  The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 21 days. (Doc. 17.) On February 4, 2026, Plaintiff filed objections. (Doc. 18.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. The Findings and Recommendations are supported by the record and proper analysis.  The

1

Court writes further in this order to address some of Petitioner's objections.

Those objections, like the petition, rest primarily on the argument that the state courts could not impose a sentence unless a jury made a determination on each element of the crime of conviction. (*Compare, e.g.*, Doc. 1 at 5 ("Mr. Dickey was sentenced to 50 years to life [in 2024, i.e., after the original federal habeas proceedings] for two felony murders despite the record being devoid of a jury verdict that he intended to kill either victim. Absent such an instruction to the jury to make such a finding, jury deliberations for such a verdict, or a verdict making such findings, Mr. Dickey cannot be sentenced for felony murder in conformance with state law. Moreover, Mr. Dickey is entitled to a verdict on every element of the charged offense under the Constitution."); *with, e.g.*, Doc. 18 at 3 ("Because the felony murder conviction had no sentence [i.e., after the federal courts vacated his death sentence], the State was ordered by the Ninth Circuit to agree to a penalty—not even a sentence—in conformance with State law. Under *Winship* and *Gaudin*, Petitioner only could be sentenced for a felony-murder verdict if the jury had decided every element of the crime." (emphasis omitted)).)

This argument is unpersuasive for two reasons. First, Petitioner has already challenged his conviction unsuccessfully in federal court. The Ninth Circuit left no doubt that his convictions remained in effect. It allowed the state to sentence him "to a penalty other than death in conformance with state law." *Dickey v. Davis*, 69 F.4th 624, 648 (9th Cir. 2023). Second, Petitioner's argument depends necessarily on arguments about state law, i.e., "Senate Bill 1437, passed in 2018." (Doc. 18 at 12.) As the Magistrate Judge recommended, and as other federal district courts have held, this change cannot serve as the basis for federal habeas relief under 28 U.S.C. § 2254. (Doc. 17 at 14–15).

The Court has considered Petitioner's arguments about the centrality of the testimony by Gene Buchanan, the witness from whom the prosecutor elicited false and misleading answers at Petitioner's trial in 1991. (*See, e.g.*, Doc. 18 at 14.) The Ninth Circuit held in its 2023 opinion that "the state court reasonably determined that the State's *Napue* and *Brady* violations were not material to the jury's guilt-phase verdict." 69 F.4th at 646. This Court cannot revisit that decision, nor decide whether a particular sentence is warranted under California criminal law,

such as the state's felony murder rules or changes to those rules.  (*See* Doc. 17 at 10, 13–14.)

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)      In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)      There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

3

appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 15, 2026, (Doc. 17), are **ADOPTED** in full.

2. The petition for writ of habeas corpus, (Doc. 1), and the motion for summary judgment, (Doc. 14), are **DENIED** with prejudice.

3. The Clerk of Court is directed to enter judgment and close the case.

4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **February 23, 2026**

UNITED STATES DISTRICT JUDGE