UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COLIN RAKER DICKEY,

Petitioner,

v.

WARDEN OF PELICAN BAY STATE PRISON,

Respondent.

Case No.: 1:25-cv-01322-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

(Doc. 24)

14-Day Objection Period

Colin Raker Dickey is appearing with counsel in this now closed habeas corpus action pursuant to 28 U.S.C. section 2254.

**I. INTRODUCTION**

Petitioner filed a petition for writ of habeas corpus on October 6, 2025. (Doc. 1.)

On February 24, 2026, the Court issued its Order Adopting Findings and Recommendations, Order Denying Petition for Writ of Habeas Corpus and Directing Clerk of Court to Enter Judgment and Close Case, and Order Declining to Issue Certificate of Appealability. (Doc. 19.) Judgment was entered that same date. (Doc. 20.)

Petitioner filed a notice of appeal on March 24, 2026. (Doc. 21.)

On April 7, 2026, Petitioner filed an Application to Proceed In Forma Pauperis. (Doc. 24.)

## II. DISCUSSION

Petitioner's application requests he be permitted "to proceed in forma pauperis in this action and the accompanying appeal." (Doc. 24 at 1.) Petitioner states he "was granted permanent in forma pauperis status in his federal habeas corpus litigation arising from his state court convictions and death sentence." (*Id*. at 2.) He asserts he filed the instant action seeking "relief from the sentence imposed following granting of a conditional writ of habeas corpus in the earlier action." (*Id*.) Petitioner states he remains incarcerated and that his "financial status has not changed," warranting *in forma pauperis* status. (*Id*.)

Initially, the Court notes that Petitioner did not file an application to proceed *in forma pauperis* at or near the time his petition was filed in this action in October 2025. (*See* Docket, generally.) And no docket entry reflects a filing fee was paid in this case. (*Id*.) This Court has not had an opportunity to consider Petitioner's indigency for purposes of this litigation. And despite the title of the instant filing, Petitioner's current "application" does not provide the information that this Court's Application to Proceed In Forma Pauperis by a Prisoner would provide.

Nevertheless, in the instant application, filed shortly after the notice of appeal, Petitioner requests *in forma pauperis* status be granted in this case and for purposes of the related appeal. As concerns Petitioner's request to proceed *in forma pauperis* in this now closed action, his application should be denied as moot. Thus, the Court next considers whether to deny or grant the motion to proceed *in forma pauperi*s for purposes of the pending appeal.

Rule 24 of the Federal Rules of Appellate Procedure provides as follows:

> **(a) Leave to Proceed In Forma Pauperis.**
>
> (1) **Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

> (2) **Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> (3) **Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> >
> > (B) a statute provides otherwise.
>
> (4) **Notice of District Court's Denial**. The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
>
> > (A) denies a motion to proceed on appeal in forma pauperis;
> >
> > (B) certifies that the appeal is not taken in good faith; or
> >
> > (C) finds that the party is not otherwise entitled to proceed in forma pauperis.
>
> (5) **Motion in the Court of Appeals**. A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24(a).

Petitioner appears to believe Rule 24(a)(3) applies here because he "was granted permanent in forma pauperis status in his federal habeas corpus litigation arising from his state court convictions and death sentence," citing to this Court's case number 1:06-cv-00357, in the action titled *Dickey v. Davis*. Indeed, a review of the docket for that action reveals that on May 17, 2006, then assigned District Judge Anthony W. Ishii "granted permanent in forma pauperis status" to Petitioner. (1:06-cv-00357, Doc. 6.) However, Rule 24(a)(3) plainly applies to

situations wherein a party was granted *in forma pauperis* status in the action corresponding to the appeal that followed in that same action ("A party who was permitted to proceed in forma pauperis in *the* district-court action") rather than in one where a party was granted *in forma pauperis* status in any prior district court action, like the habeas action filed by Petitioner in 2006. In other words, Rule 24(a)(3) does not state that a party who was permitted to proceed on appeal *in forma pauperis* in "a" district court action may proceed *in forma pauperis* without further authorization. Simply stated, the undersigned thus finds Rule 24(a)(3) does not apply.

Given the docket in this action, the undersigned finds Rule 24(a)(1) applies because Petitioner has not previously been granted *in forma pauperis* status in this action. Petitioner's motion does state that he "remains incarcerated and his financial status has not changed," but he fails to show in "detail" that he is unable to pay the filing fee. Fed R. App. P. 24(a)(1)(A). And there is nothing in the record for *this* action that might amount to that detail. No Inmate Statement Report or current information concerning Petitioner's financial status is available absent Petitioner's vague statement and references to a prior habeas action. Moreover, whatever Petitioner's financial status was in 2006 when he filed the action titled *Dickey v. Davis*, in case number 1:06-cv-00357, is now twenty years out of date. Additionally, Petitioner's motion fails to claim an entitlement to redress and fails to state the issues Petitioner intends to present on appeal. Fed R. App. P. 24(a)(1)(B), (C).

In sum, because Petitioner's application to proceed *in forma pauperis* on appeal is deficient, the undersigned will recommend the motion be denied. Fed. R. App. P. 24(a)(2).

## III. CONCLUSION AND RECOMMENDATION

Accordingly, based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that:

1. To the extent Petitioner's application to proceed *in forma pauperis* concerns this now closed action, it should be **DENIED** as moot; and
2. To the extent Petitioner's application to proceed *in forma pauperis* concerns the pending appeal, it should be **DENIED** because it fails to meet the requirements of Rule 24(a)(1) of the Federal Rules of Appellate Procedure. Should these

recommendations be adopted by the assigned district judge, the Clerk of the Court is directed to notify the United States Court of Appeals for the Ninth Circuit that this Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(1), that Petitioner's application to proceed *in forma pauperis* has been denied and he must therefore seek further authorization from the Court of Appeals pursuant to Federal Rule of Appellate Procedure Rule 24(a)(5) to obtain leave to proceed *in forma pauperis. See* Fed. R. App. P. 24 Notes of Advisory Committee on Rules – 1967.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 5, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE